UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE FLORES,                     )<br>                                                  )<br>        Plaintiff,                          )<br>                                                  )<br>    v.                                         )      Civil Action No. 23-03865 (UNA)<br>                                                  )<br>                                                  )<br>NEW BABYLON HONDA,        )<br>                                                  )<br>        Defendant.                       ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of Plaintiff's Complaint for a Civil Case, ECF No. 1, and motion for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the motion and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a).

Federal question jurisdiction is grounded in "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction requires "complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). A party seeking relief in

the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a citizen of New York, has sued a car dealership in West Babylon, New York, alleging fraudulent sale of a vehicle. *See* Compl. at 2-3. She seeks "$75,000 k personal injury punitive damage & a different vehicle with the same features." *Id*. at 4. In the form Complaint, Plaintiff checks the boxes for both federal question and diversity jurisdiction, *id*. at 3, but nothing alleged raises a federal question, and the parties' shared New York citizenship forecloses diversity jurisdiction. Consequently, this case will be dismissed by separate order.

Date: February 6, 2024

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge